**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| MELANIE SLOAN<br>1229 INDEPENDENCE AVE. SE<br>WASHINGTON, DC 20003,<br><br>　　　Plaintiff,<br><br>v.<br><br>SOUL CIRCUS, INC.<br>510 WHITEHALL ST. SW, STE. A<br>ATLANTA, GA 30303,<br><br>　　　Defendant. | CAL No. _____ |

**DEFENDANT'S
<u>NOTICE OF REMOVAL</u>**

　　　Defendant, Soul Circus, Inc. (hereinafter "the Circus"), by counsel, pursuant to 28 U.S.C. § 1446, hereby files its Notice of Removal, removing to this Court the above-styled action now pending in the District of Columbia Superior Court, Civil Division. In support of this Notice, the Circus respectfully states as follows:

　　　1.　　On or about August 19, 2015, plaintiff Melanie Sloan caused to be delivered to the Circus a Complaint styled <u>MELANIE SLOAN v. SOUL CIRCUS, INC.</u>, in the District of Columbia Superior Court, Civil Division, Case No. 2015 CA 006133. A true copy of the Complaint is attached to this Notice as <u>Exhibit A</u>.

　　　2.　　According to the Complaint, Melanie Sloan is a resident of the District of Columbia. <u>Exhibit A</u>.

　　　3.　　The Circus is incorporated under the laws of Georgia with its principal place of business in Atlanta, Georgia.

4. The Complaint alleges that the Circus has violated seven different provisions of the District of Columbia Consumer Protection Procedures Act ("CPPA") multiple times over the course of "the three year period at issue in [the] Complaint." <u>Exhibit A</u>, ¶ 98; *see also* ¶ 16 ("During the period relevant to this Complaint, Defendant targeted tens of thousands of consumers in the District with television ads, promotion via emails, and billboards on bus stops and in Metro cars[.]"); ¶ 34 (alleging that all of the Circus's advertisements are misleading because they portray the Circus "as a protector of animal rights); ¶ 35 (alleging that the Circus misled consumers each time it referred to itself as "Cirque du Soul"); ¶ 36 (alleging that the Circus misled consumer by posting too few images of animals on its website); ¶¶ 37-39 (alleging that eight separate passages in the Circus's "Animal Rights Policy Statement" are misleading); ¶ 41 (alleging that the Circus's use of independent vendors to exhibit animals was misleading); ¶ 42 (alleging that the Circus's leasing of animals was misleading). The Complaint prays for the minimum statutory damages of $1,500 per violation.

5. To the extent that the Complaint alleges "tens of thousands" of potential violations, and given the extremely broad scope of the alleged violations and the length of time involved, Plaintiff has clearly alleged *at least* fifty-one violations of the CPPA. At $1,500 per violation, this results in an amount in controversy in excess of $75,000, exclusive of interest and costs.

6. The Complaint is styled as a Class Action Complaint and alleges that Plaintiff represents "all residents of the District who, in the last three years, purchased tickets to Defendant's shows because of Defendant's unlawful trade practices." <u>Exhibit A</u>, ¶ 12.

7. The Circus does not agree that there are *any* members of this putative class, but—to the extent that the Complaint alleges they exist—by the terms of the Complaint, it consists

entirely of residents of the District of Columbia. Therefore, even if the putative class were to be certified, all of its members would be completely diverse from the Circus.

8. In addition, even if the amount in controversy did not exceed $75,000 on the basis of Plaintiff's sweeping allegations alone, the Complaint contends that the members of the class are "so numerous that joinder of all of them is impracticable." Exhibit A, ¶ 16. Thus, even if there were fewer than fifty-one CPPA violations at issue, the aggregate amount in controversy from the alleged membership of the class and each of their individual claims clearly reveals an amount in controversy in excess of $75,000, exclusive of interest and costs.

9. Given the foregoing, the United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Circus and all potential parties-plaintiff and the amount in controversy as alleged in Plaintiff's Complaint, exclusive of interest and costs, exceeds $75,000. Exhibit A, ¶ 98, Prayer for Relief.  This action, therefore, is removable pursuant to 28 U.S.C. § 1441.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), and the Defendant has attached as Exhibit B, pursuant to 28 U.S.C. § 1446(a), copies of all pleadings that were provided to and served upon Defendant.

11. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1441(a) because the action is pending in the District of Columbia Superior Court, which is within the Court's geographic jurisdiction.

12. Pursuant to 28 U.S.C. § 1446(d), the Circus has this same day (i) provided written notice of the filing of this Notice of Removal to all adverse parties, and (ii) filed a copy of this Notice of Removal with the District of Columbia Superior Court Civil Division, and has thereby notified the Clerk of said court of this removal.  A copy of the Notice to the District of Columbia

I-1347586.3

Superior Court of State Court of Removal filed in the Superior Court is attached hereto as Exhibit C.

13.     The Circus does not waive any of its objections, defenses, or affirmative defenses by filing this Notice of Removal nor its corresponding Notice to District of Columbia Superior Court.

WHEREFORE, Soul Circus, Inc., respectfully requests that this action be removed to this Court from the District of Columbia Superior Court, Civil Division.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By:      /s/ Steven M. Pavsner
Steven M. Pavsner, Bar No. 912220
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301/220-2200 (tel.)
301/220-1214 (fax)
spavsner@jgllaw.com
*Counsel for Defendant*

Christopher A. Abel,
*Pro hac vice admission pending*
Willcox & Savage, P.C.
440 Monticello Ave, Suite 2200
Norfolk, VA 23510
757/628-5547 (tel.)
757/333-3547 (fax)
cabel@wilsav.com
*Counsel for Defendant*

- 5 -

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing Notice of Removal and proposed Order were served via electronic mail and mailed, postage prepaid, this 26th day of August, 2015 to Mr. Jeffrey S. Kerr, Esq.

                                                                                                  /s/ Steven M. Pavsner
                                                                                   Steven M. Pavsner, Esq.